IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOREN NAJI<br>4814 St. Clair Avenue<br>Cleveland, OH 44103<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARBOR BAY REAL ESTATE<br>ADVISORS, LLC<br>c/o Blake Beachler<br>1405 East Sixth Street<br>Cleveland, OH 44114<br><br>　　　　and,<br><br>PANZICA CONSTRUCTION CO.<br>c/o Anthony Panzica<br>739 Beta Drive<br>Mayfield Village, OH 44143<br><br>　　　　Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT**<br><br><br>***(JURY TRIAL DEMANDED)*** |

Plaintiff, Loren Naji, for his Complaint against Defendants, hereby alleges as follows:

**NATURE OF THE CLAIMS**

1.　　Plaintiff, Loren Naji, is an artist and seeks monetary damages and attorneys' fees to redress Defendants' unlawful destruction of his work of art in violation of the Visual Artists Rights Act, 17 U.S.C. Section 106A, *et seq.* ("VARA").

2.　　Plaintiff also asserts pendant state law tort claims.

## THE PARTIES

3. Plaintiff Loren Naji ("Naji") is a professional artist and the creator of a sculpture titled "They Have Landed," which is a work of visual art within the meaning of 17 U.S.C. Section 106A.

4. Defendant Harbor Bay Real Estate Advisors, LLC ("Harbor Bay") is a national real estate development company, headquartered at 3412 Commercial Avenue, Northbrook, Illinois, 60062. Harbor Bay is registered in Ohio as a foreign for profit LLC.

5. Defendant Panzica Construction Co. ("Panzica") is a commercial construction contracting company, headquartered in Mayfield Village, Ohio.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1331 in that this action arises under federal law, *See* 29 U.S.C. Section 621, *et. seq.* This Court also has diversity jurisdiction, pursuant to 28 U.S.C. Section 1332, because Harbor Bay is a foreign corporation. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367 and principles of pendant and/or ancillary jurisdiction.

7. This Court has *in personam* jurisdiction over Defendants because they either own real property, conduct operations, transact business in, and/or provide services within Cleveland, Ohio.

8. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events that gave rise to the claim occurred in this District.

## BACKGROUND

9. Naji is an accomplished conceptual sculptor and artist living and working in the greater Cleveland community. Naji's works have been displayed in the Cleveland Museum of Art, the NEO Show, Asterisk Gallery, Spaces Gallery, Pentagon Gallery, the Butler Museum, the Maryland Federation of Art, Phoenix Gallery in New York, and many others. His works have also been accepted in a number of juried art shows, with awards.

10. In 2011, Naji created and built a sculpture titled "They Have Landed" ("Sculpture"). The Sculpture was a three thousand (3,000) pound wooden sphere with a diameter of eight (8) feet. It was created using one hundred ninety two (192) layers of plywood circles, and was painstakingly sanded and coated with marine epoxy resin and marine varnish. The Sculpture was inspired by the planets in our solar system and alien life touching down on Earth.

11. The Sculpture was hollow with a shell eight (8) inches thick so it could serve as a time capsule. As a time capsule, the Sculpture contained a mystery which added to its aura and intrigue and anticipation of its opening years later.

12. On September 23, 2011, Naji hosted a gala celebration at his studio and invited the public to celebrate the Sculpture and to donate items to be placed inside the Sculpture. As a part of the celebration, the media and the public were told that the Sculpture was scheduled to be opened on September 23, 2050.

13. Following the gala, Naji put the donated time capsule items into approximately twelve (12) to fifteen (15) clear internal spheres, eighteen (18) inches in diameter, and then placed the internal spheres into the Sculpture.

14. The Sculpture received a great deal of media acclaim.

15. On August 1, 2022, the Greater Cleveland Regional Transit Authority ("GCRTA") entered into a contract with Naji to create a permanent public display of the Sculpture on property owned by GCRTA outside of the West 25th street rapid transit station. That contract expired on July 31, 2021 and was not renewed.

16. Pursuant to the contract between Naji and GCRTA, the Sculpture was to be on permanent display at the center of the triangular area in Cleveland bordered by Lorain Avenue, Abbey Avenue, Gehring Street, and GCRTA's bus access road ("Triangle").

17. Pursuant to the contract, the GCRTA retained Ramco Construction, LLC ("Ramco") to secure the Sculpture to the site. To do so, Ramco poured an eight (8) foot deep concrete foundation. Ramco then installed four (4) six foot by one half (6 x ½) inch threaded anchor bolts five (5) feet deep into the concrete. Mr. Naji drilled four (4) holes into the base of the Sculpture to align with the anchor bolts. Ramco provided a crane to lift the Sculpture onto the anchor bolts, so the anchor bolts could protrude inside the Sculpture. The anchor bolts were then secured from inside the Sculpture with a large steel plate, that had holes drilled to correspond with the anchor bolts. Four (4) large nuts were threaded into the anchor bolts to secure the steel plate and the Sculpture to the foundation.

18. If the Sculpture ever needed to be moved non-destructively, the hidden lid on the top would have to have been removed to gain access to the nuts on the anchor bolts above the steel plate. Naji knew how the Sculpture could have been moved non-destructively.

19. This work was approved and paid for by GCRTA.

20. GCRTA also fabricated and installed a bronze plaque mounted on a separate concrete base next to the Sculpture. The plaque reads:

4

> "THEY HAVE LANDED"
>
> Loren Naji
>
> September 23, 2011
>
> This 3000 pound, 8 foot diameter plywood sculpture was created to promote art and excitement in Cleveland.
>
> It alludes to the sphere, our universal form as well as planets, spaceships and alien life that just landed.
>
> To add to its aura, it also serves as a time capsule filled on September 23, 2011 to be opened on September 23, 2050.

21. The Sculpture was to enhance the quality of life in the neighborhood and the greater Cleveland area. It was listed as one of the prominent pieces of public art in the Cleveland area.

22. At all times, Naji retained ownership of the Sculpture.

23. On or about January 17, 2019, Harbor Bay purchased land from the City of Cleveland on the southeast corner of Lorain Avenue and West 25th Street for a major development called, at the time, the "Market Square Development." The land purchased by Harbor Bay did not include the Triangle.

24. The Market Square Development project was to include a nine-story building which would house approximately 298 apartment units, 333 underground parking spaces, and 36,000 square feet of retail space on the ground floor. It was to be the tallest timber-framed building in the United States and cost approximately $175 million dollars.

25. In anticipation of this purchase, GCRTA dedicated the Triangle to the City of Cleveland as right of way because of its proximity to the Market Square Development project.

26. Harbor Bay retained the services of Panzica to construct the Market Square Development project.

27. Although the Triangle, including the Sculpture, was outside the land that Harbor Bay purchased, the Triangle and the Sculpture were inside the construction fence that Panzica erected for the Market Square Development project.

28. During the construction, Panzica treated the Sculpture in a callous manner, placing construction materials on top of and around it.

29. In the Spring, 2022, Panzica destroyed the Sculpture and disposed of the wood used to create the Sculpture.

30. Naji discovered that his Sculpture had been destroyed only afterwards. He asked a representative of Panzica if there were any remains from the time capsule. Naji recovered only approximately four (4) of the internal spheres and one (1) sphere without a lid. The vast majority of the internal spheres were never recovered.

31. The Market Square Development project is now open and is called INTRO Cleveland.

## FIRST CAUSE OF ACTION
## VARA

32. Plaintiff reiterates each and every allegation above as if fully set forth again.

33. Naji created and maintained all ownership and copyright interest in the Sculpture, which is subject to the protections of VARA, and installed the Sculpture on the Triangle with the permission of the owner of the property at the time, GCRTA.

34. When GCRTA dedicated the Triangle to the City of Cleveland as right of way, the Sculpture remained the property of Naji, and Naji retained all rights under VARA.

35. No one from Harbor Bay or Panzica ever notified Naji that his Sculpture was to be destroyed. Naji is easy to find with a quick Google search of his name, which would have taken less than one minute. His name was on the bronze plaque in front of the Sculpture.

36. Without providing Naji with a reasonable opportunity to protect and preserve the Sculpture, Defendants destroyed the Sculpture.

37. Defendants did not provide Naji with notice in writing regarding their intent to destroy the Sculpture and did not afford Naji, pursuant to 17 U.S.C. Section 113, a period of 90 days after receiving such notice either of the opportunity to remove the Sculpture or pay for its removal.

38. Naji is an artist of recognized stature and requisite professional standing within the meaning of VARA, who is entitled to the protection afforded by VARA.

39. Naji has incurred significant financial losses as a result of the unlawful destruction of the Sculpture.

40. The destruction of the Sculpture harms Naji's reputation and causes him substantial harm.

41. The Defendants' actions are willful, wanton, and malicious.

## SECOND CAUSE OF ACTION
## CONVERSION

42. Plaintiff reiterates each and every allegation above as if fully set forth again.

43. Defendants committed an actionable wrong other than breach of contract which caused Plaintiff's injury.

44. Plaintiff had ownership of the Sculpture and/or an immediate superior right of possession of the Sculpture at the time it was converted.

45. Defendants exercised unauthorized dominion or interference over the Sculpture to the detriment of Plaintiff.

46. Plaintiff did not consent to the wrongful taking of the Sculpture by Defendant.

47. The Sculpture was specific and identifiable.

48. Because of the action of Defendants, Plaintiff suffered the loss of value of the Sculpture.

### THIRD CAUSE OF ACTION
### PROPERTY DAMAGE

49. Plaintiff reiterates each and every allegation above as if fully set forth again.

50. Defendants violated property rights held by Plaintiff and destroyed artwork belonging to Plaintiff contrary to his wishes and without his permission.

51. Defendants owed a duty to Plaintiff not to destroy his property and negligently, recklessly, and/or willfully breached that duty in destroying the Sculpture.

### FOURTH CAUSE OF ACTION
### VANDALISM

52. Plaintiff reiterates each and every allegation above as if fully set forth again.

53. Defendants knowingly caused physical harm to property that was owned by Plaintiff.

54. The property was used by Plaintiff in Plaintiff's profession, business, trade, and occupation, and the value of the property is more than one thousand dollars;

55. Plaintiff suffered injury to property as a result of an act committed by Defendant in violation of R.C. 2909.05.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loren Naji respectfully requests judgment against Defendants, collectively and separately, as follows:

A. Enter a declaratory judgment, pursuant to Rules of Civil Procedure, stating that Defendants' practices, policies, and procedures are in violation of VARA;

B. Award such damages as will compensate Plaintiff fully for his financial losses and for the damage to his honor and reputation and for his humiliation, mental anguish, embarrassment, stress and anxiety, loss of personal dignity, and any other physical and mental injuries he suffered due to Defendants' improper conduct pursuant to VARA and Ohio and the common law;

C. Award punitive damages to Plaintiff pursuant to VARA and the common law;

D. Award reasonable costs and attorneys' fees pursuant to VARA;

E. Grant such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, Loren Naji, demands a trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

MUSKOVITZ & LEMMERBROCK, LLC

_____
Susannah Muskovitz (0011457)
Brooks W. Boron (0096847)
MUSKOVITZ & LEMMERBROCK, LLC
1621 Euclid Avenue Suite 1750
Cleveland, OH 44115
Phone: (216) 621-2020
Fax: (216) 621-3200
muskovitz@mllabor.com
boron@mllabor.com

*Attorneys for Plaintiff, Loren Naji*

10